UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:13-CR-6061-LRS |
| vs. | |
| JERAD NICHOLAS MARTIN, | Preliminary Order of Forfeiture |
| Defendant. | |

IT IS HEREBY ORDERED THAT:

As the result of the guilty plea to Count 2 of the Indictment, charging the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), for which the United States sought forfeiture of the below described assets, pursuant to 18 U.S.C. § 2253, Defendant, JERAD NICHOLAS MARTIN, shall forfeit to the United States any property, real or personal, used or intended to be used to commit or promote the commission of such offense or any property traceable to such property.

The Court has determined, based upon the Defendant's plea agreement, that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the United States has established the requisite nexus between such assets described below, and such offense(s):

1)    One HP All in One Model# 310-1020 bearing Serial Number: 4CS04202Y7;

2)    One HP Omni 120 AiO PC bearing Serial Number: 2MD2140757;

3)    One Gateway Desktop PC DX430S bearing Serial Number: 0039232648;

Preliminary Order of Forfeiture 1
J Martin PoF

4)    One Western Digital External Drive WD10EADS-11M2B2
      bearing Serial Number: WCAV5D732830; and,

5)    One Gateway Thumb Drive;

seized from Defendant's residence, pursuant to a federal search warrant, on June 12, 2013.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, authorized under 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, and Fed. R. Crim. P. 32.2(b)(6)(C), the United States is not required to publish notice of this order because the forfeitable property is worth less than $1,000.00.  Defendant stipulated in his plea agreement that he is the sole owner of the assets identified in the Indictment and that no one else has an interest in the assets, therefore, the United States will not provide direct notice.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(2), Rule G(5) and 21 U.S.C. § 853(n) as incorporated by 18 U.S.C. § 2253, for the filing of third party petitions.

The Court grants Plaintiff's motion for Entry of a Preliminary Order, ECF No. 32.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this 2nd day of June, 2014.

*s/Lonny R. Suko*

_____
Lonny R. Suko
Senior United States District Judge

Preliminary Order of Forfeiture 2
J Martin PoF